```
 1  ANDREW R. HADEN
    Acting United States Attorney
 2  JAMES REDD
    Assistant U.S. Attorneys
 3  Illinois Bar No. 6315678
    United States Attorney's Office
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 546-9661
    Attorneys for Plaintiff
 6  UNITED STATES OF AMERICA
```

**FILED**
JUN 3 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 25-cr-558-AJB |
|---|---|
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| TAYLOR ARTIS, | |
| Defendant. | |

IT IS HEREBY AGREED between plaintiff, UNITED STATES OF AMERICA, through its counsel, Andrew R. Haden, Acting United States Attorney, and James Redd, Assistant United States Attorney, and defendant, TAYLOR ARTIS, with the advice and consent of Carson Baucher, counsel for defendant, as follows:

//
//
//
//
//
//
//

Def. Initials  TA

## I

## THE PLEA

A. THE CHARGE

Defendant agrees to plead guilty to Count 1 of the Information charging Defendant with:

> Beginning no later than September 25, 2024 and continuing through November 21, 2024, within the Southern District of California, Defendant TAYLOR ARTIS, while not licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms; all in violation of Title 18, United States Code, Section 922(a)(1)(A), ~~923(a)~~, and 924(a)(1)(D).

B. FORFEITURE

In addition, Defendant consents to the forfeiture allegations of the Information and to the forfeiture of all property(ies) seized in connection with the case. The forfeiture is more fully set forth in the attached forfeiture addendum, incorporated herein.

C. DISMISSAL OF THE REMAINING COUNTS

The Government agrees to (1) move to dismiss the remaining counts without prejudice when defendant is sentenced, and (2) not prosecute defendant thereafter on such dismissed charges unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason.

If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

The offenses to which Defendant is pleading guilty have the following elements:

1. Defendant was willfully engaged in the business of dealing in firearms between September 25, 2024, and November 21, 2024; and

2. Defendant did not then have a license as a firearms dealer.

As to the forfeiture for Count 1, Defendant understands the Government would have to prove by a preponderance of the evidence that the properties it seeks to forfeit are firearms and ammunition involved in the offense.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Defendant knowingly sold the following items to ATF undercover agents on the following dates:

   a. **September 25, 2024**: an un-serialized 9mm caliber privately made firearm ("PMF"), which was also a rifle with a barrel less than 16 inches in length (a "SBR"), a 9mm PMF handgun, and a machinegun conversion device (a "MCD"), in exchange for $2,500.

   b. **October 2, 2024**: a non-serialized 5.56/.223 caliber PMF SBR and a 9mm caliber PMF handgun, in exchange for $2,800.

   c. **October 23, 2024**: a non-serialized 9mm PMF handgun and a MCD, in exchange for $1,000.

   d. **November 21, 2024**: three non-serialized 9mm PMF handguns, in exchange for $2,300.

2. Defendant sold the firearms intending to make a profit.

3. At the time Defendant engaged in the above-mentioned sales, Defendant did not have a license to be a firearms dealer or manufacturer.

//

3

Def. Initials TA

III

**PENALTIES**

The crime to which defendant is pleading guilty carries the following penalties:

A. a maximum of 5 years in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E. forfeiture of all property constituting and derived from proceeds obtained as a result of the violations and property used and intended to be used to commit and to facilitate the commission of the offenses, and all firearms and ammunition involved in the offenses.

IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS
AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

G. In addition, defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

4

Def. Initials TA

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

Def. Initials  TA

C. No one has threatened defendant or defendant's family to induce this guilty plea; and

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//

## IX

Def. Initials TA

**<u>SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE</u>**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

X

7

Def. Initials 

**PARTIES' SENTENCING RECOMMENDATIONS**

A. <u>SENTENCING GUIDELINE CALCULATIONS</u>

Although the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures for Count 1:

| | | | |
|---|---|---|---|
| 1. | Base Offense Level [USSG § 2K2.1(a)(5)] | | 18 |
| 2. | Number of Firearms (8-24) [USSG § 2K2.1(b)(1)(B)] | | +4 |
| 3. | Unserialized Firearm [USSG § 2K2.1(b)(4)(B)(ii)] | | +4 |
| 4. | Firearms Trafficking For Future Unlawful Sale [USSG § 2K2.1(b)(5)(C)] | | +5 |
| 5. | Acceptance of Responsibility [§ USSG 3E1.1] | | -3 |
| | Total Offense Level | | 28 |

B. <u>ACCEPTANCE OF RESPONSIBILITY</u>

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

8

Def. Initials ___TA___

5. Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the defendant has agreed to forfeit as set forth in the attached forfeiture addendum.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

The parties may request or recommend additional adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. RECOMMENDATION REGARDING CUSTODY

Pursuant to the § 3553(a) factors, the United States will recommend that defendant be sentenced to the greater of: the low end of the advisory Guidelines range as calculated by the Government after incorporating a downward variance under 18 U.S.C. § 3553(a) that is the equivalent of one level under the Sentencing Guidelines; the statutory mandatory minimum sentence, if applicable; or the time served in custody at the time of sentencing. Defendant may recommend any lawful sentence.

//

Def. Initials  TA

G.  **SPECIAL ASSESSMENT, FINES**

    a.  <u>Special Assessment</u>. The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.

    b.  <u>Fine</u>. The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.  SUPERVISED RELEASE

The parties will jointly recommend a term of supervised release on all counts to run concurrently with each other. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release without the express written consent of the Government.

## XI

## **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

//
//
//

Def. Initials  TA

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A. Failing to plead guilty pursuant to this agreement;

B. Failing to fully accept responsibility as established in Section X, paragraph B, above;

C. Failing to appear in court;

D. Attempting to withdraw the plea;

E. Filing any substantive motion after the plea is entered;

F. Failing to abide by any court order related to this case;

G. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

H. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed,

Def. Initials 

or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

Def. Initials TA

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Def. Initials  TA

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ANDREW R. HADEN
Acting United States Attorney

5/13/2025
DATED

JAMES REDD
Assistant U.S. Attorneys

5/12/25
DATED

CARSON BAUCHER
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

5/12/25
DATED

Tayler
TAYLOR ARTIS
Defendant

Approved by:

/s/ Shauna R. Prewitt
SHAUNA R. PREWITT
Assistant U.S. Attorney

14

Def. Initials TA