Fernanda Ezquerro
430 Nutmeg Street, Suite 100
San Diego, CA 92101
(619) 674-3250

Attorney for Taylor Artis

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## (HON. ANTHONY J. BATTAGLIA)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TAYLOR ARTIS,<br><br>　　　　　　　Defendant | Case No.: 25-CR-00558-AJB<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>DATE: 10/06/25<br>TIME: 10:00 a.m. |

### I. INTRODUCTION

TAYLOR ARTIS (hereinafter, Mr. Artis) submits the following sentencing memorandum in support of his sentencing recommendation of 36 months custody.

### II. STATEMENT OF FACTS

The Offense Conduct section of the PSR accurately reflects the facts in this matter. Ms. Artis takes full responsibility for his conduct and expresses remorse for the pain it has caused his family.

### III. INDIVIDUAL BEFORE THE COURT

Mr. Artis was born on September 15, 2004 in San Diego, California to Taylor Artis and Elizabeth Morrison. Mr. Artis reported a decent upbringing in which his basic needs were met. However, Mr. Artis's parents separated when he was around six years old. His young age made processing the separation extremely difficult. It significantly affected his

emotional stability and resulted in negative behaviors. Mr. Artis began acting out at home and in school. On several occasions, Mr. Artis received suspensions for fighting. Luckily, Mr. Artis' father remained in his life after the separation and provided financial support. Mr. Artis primarily lived with his mother but would live with his father every other weekend.

With good relationships with both parents, Mr. Artis eventually worked through the pain of their separation. He performed well in school and lived a relatively normal childhood. Unfortunately, Mr. Artis hit another major setback while in the eighth grade. Doctors diagnosed Mr. Artis with a genetic retinal deterioration disease known as bull's eye maculopathy. Doctors explained that no cure existed for the condition and that Mr. Artis' eyesight would only get worse over time. Unsurprisingly, this news devastated Mr. Artis and his family. The thought of complete future blindness flooded Mr. Artis with fear and anxiety. Mr. Artis even received counseling to help grapple with the news and the newfound challenges accompanying his deteriorating vision.

Despite these issues, Mr. Artis made the best out of his situation. He performed well in school and graduated from Oceanside High School in June 2022. Additionally, Mr. Artis began working while still attending high school. After graduating from high school, Mr. Artis got accepted into California State University Northridge. Mr. Artis majored in business and attended the university for four semesters. In June 2024 Mr. Artis decided to withdraw from Northridge and transfer to San Diego State University to be closer to his friends and family. Mr. Artis also switched his major to computer science and cyber security.

Unfortunately, in the few years preceding his move back to San Diego, Mr. Artis' vision significantly worsened. His vision problems made it extremely difficult to secure employment. Mr. Artis' vision problems became so severe that he began receiving social security disability income in 2023. Mr. Artis had to begin using a cane to navigate on foot and was deemed legally blind. Due to the stress brought on by this situation, Mr. Artis began experiencing severe anxiety and depression. Instead of seeking professional help,

Mr. Artis began abusing Xanax. Its effective anxiety relief qualities quickly hooked Mr. Artis. However, negative side effects of the drug quickly came to surface. His family noticed a significant differences in his mood and demeanor. Mr. Artis felt his emotional stability plummet. Under these circumstances, Mr. Artis made the unfortunate choice to partake in the instant offense.

Mr. Artis' personal characteristics support leniency at sentencing. Mr. Artis is very young at only 21 years old. During this short period, Mr. Artis displayed positive characteristics and attributes. Throughout his life, Mr. Artis displayed tremendous perseverance and resolve. The separation of his parents emotionally damaged Mr. Artis. This caused Mr. Artis to act out and get into trouble in school. Through great effort, Mr. Artis overcame these issues and reformed his behavior. Mr. Artis continues displaying resolve and great determination through his ongoing struggle with his eye disorder. Receiving such a bleak diagnosis at only 13 years old deeply traumatized Mr. Artis. He processed feelings of impending doom as all of his dreams and aspirations were suddenly placed into jeopardy. Instead of giving up, Mr. Artis continued his pursuit of a bright future.

Additionally, Mr. Artis displayed a strong work ethic and highly motivated nature. Mr. Artis performed very well in school and is currently pursuing a degree in computer science. Computer science is commonly regarded as one of the most difficult undergraduate degrees to obtain. Mr. Artis' desire to obtain this degree displays his work ethic. This is especially true considering Mr. Artis' medical condition. Performing any school work is much harder for Mr. Artis than the average person.

Importantly, Mr. Artis' offense conduct does not reflect his true character or dimmish any of his proven positive attributes. Mr. Artis' offense conduct resulted from financial desperation and mental anguish. As explained below, Mr. Artis did not commit the offense out of a desire to break the law or to aid any criminal organization. He acted solely out of financial motivations.

Mr. Artis further proved his true good nature through his actions after his offense conduct. Mr. Artis readily accepted a plea agreement and fully admits guilt for his actions.

Mr. Artis did this because he understands the wrongfulness of his actions and that they were in no way justified. He only wants to atone for his conduct and not unduly burden the court or waste government resources.

### IV. NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Artis' offense conduct also warrants leniency at sentencing and fully supports his requested sentence of 36 months custody.

Mr. Artis understands that his offense conduct is extremely serious. While there are aggravating circumstances that Mr. Artis agreed in his plea agreement, many mitigating factors exist. First, there is no evidence that Mr. Artis had connections to any larger criminal network. Mr. Artis sold the weapons and weapons' parts on his own accord. He did not sell any of the weapons to enrich or assist any criminal organization. The UC did mention that Mr. Artis girlfriend drove him to a few of the meetups to sell firearms. However, there is no evidence that Mr. Artis encouraged her assistance or participation in the offense in any manner. Ms. Cornejo only drove Mr. Artis due to his disability. Furthermore, there is no evidence that Mr. Artis used any violence or threats in furtherance of his offense conduct.

Mr. Artis' motivations for the instant offense as well as the surrounding circumstances stand as further mitigation. Upon moving back to San Diego in 2024, Mr. Artis faced many economic struggles. He moved in with Ms. Cornejo, and began helping to pay for her schooling. Mr. Artis quickly realized that his meager disability income was far from enough to cover all of his bills. Mr. Artis attempted to find employment to earn additional income. However, he was unsuccessful in finding an employer who could accommodate his disability. With his vision worsening, Mr. Artis felt truly helpless to make ends meet. Struck with a sudden onset of severe anxiety and depression, Mr. Artis turned to the use of narcotics. These addiction issues only worsened his mental stability and reasoning ability. It was this troubled mindset that catalyzed Mr. Artis' decision to perpetrate the offense conduct.

Lastly, per the plea agreement, Mr. Artis accepts the +5 enhancement under USSG § 2K2.1(b)(5)(C) applies to his guideline's calculations. As stated in the PSR, the enhancement applies because the UC informed Mr. Artis of his intention to transfer the firearms to other individuals. Although these facts support the enhancement under existing law, Mr. Artis respectfully requests that the Court grant leniency and vary downward when considering these circumstances. The enhancement only applies because the UC made unsolicited statements to Mr. Artis. These statements do not significantly increase Mr. Artis' culpability or general wrongfulness of his conduct.

A. *Imposition of a Sentence That Is Sufficient, But Not Greater Than Necessary*

The requested sentence is more than sufficient considering Mr. Artis' background, family, acceptance of responsibility and remorse. To the best of his ability, Mr. Artis understands the wrongfulness of his conduct. He knows that he will have to serve time for his conduct regardless of his reasons for doing so. Taking this into account, 36 months in custody is entirely sufficient and anymore time is greater than necessary.

Mr. Artis requested sentence serves as sufficient punishment for his actions. 36 months is a significant amount of time in custody. Mr. Artis will miss the love and support of his family and friends. His disability will undoubtably make his time in custody much more difficult. Aside from his custodial term, Mr. Artis will live the rest of his life as a convicted felon. Combined with the constraints associated with his disability, his criminal record will significantly limit his employment opportunities. As a result, Mr. Artis will need to work incredibly hard to maintain a normal and productive life. This will work to further punish Mr. Artis in perpetuity.

Mr. Artis' requested sentence also serves as sufficient rehabilitation. 36 months in custody is plenty of time for Mr. Artis to think about his actions. His experience thus far firmly instructed Mr. Artis about the wrongfulness of his actions. Mr. Artis understands that his conduct has placed him in a dire situation.

B. *Advisory Sentencing Guideline Calculation*

Mr. Artis agrees with the offense level computation as indicated in the plea agreement:

Base Offense Level: …………………………............18

Number of Firearms:……………….……..………..+4

Unserialized Firearm:…………..……………….....+4

Firearms Trafficking Future Sale:………...………..+5

Acceptance of Responsibility:………………………...-3

C. *Factors Diminishing Risk of Recidivism*

There are several factors that significantly reduce Mr. Artis' risk of recidivism. First, Mr. Artis truly learned from his mistakes. Mr. Artis understands the deep emotional toll this ordeal has had on his family. In particular, Mr. Artis' absence from his Ms. Cornejo proved especially difficult. While in pretrial custody, Ms. Cornejo was involved in a serious car accident. The accident claimed the life of her best friend and left Ms. Cornejo severely injured. Her recovery process has been grueling and she has had to relearn basic function like walking. Mr. Artis feels terrible that his actions prevented him from being able to help her through this ordeal. He now knows that this type of conduct not only punishes him but it also punishes those around him, especially the ones he loves.

Second, Mr. Artis' disability greatly minimizes his risk of recidivism. Mr. Artis is already legally blind and his vision will only continue to get worse. Mr. Artis will eventually go completely blind. This disability will significantly reduce his ability to engage in any unlawful behavior. Living an ordinary life will already be difficult endeavor for Mr. Artis. He has no desire to engage in conduct that will greatly complicate his situation.

Third, Mr. Artis received help for his addiction issues and mental problems and will continue to do so. While in custody, Mr. Artis attended a drug treatment course and is currently drug free. Mr. Artis enjoyed the program and is interested in attending more programs in the future. Now sober, Mr. Artis truly understands how drugs negatively transformed his behavior. Also in custody, Mr. Artis participated in an anger management

program with individual therapy. In addition to therapy, Mr. Artis began receiving psychiatric medication. With therapy and medication, Mr. Artis feels improved mental clarity and stability. Receiving this help significantly reduces Mr. Artis' risk of recidivism and Mr. Artis has every intention of continuing his treatments in the future.

Lastly, Mr. Artis' support structure and plans for the future reduce his risk of recidivism. Mr. Artis has a strong support structure in his parents and girlfriend. They will provide Mr. Artis the stability he requires to succeed after his release from custody. His support structure will undoubtably help Mr. Artis accomplish his plans for the future. Mr. Artis desires to continue his degree in computer science and cyber security. Earning this degree and securing a job in this industry greatly decreases his risk of recidivism. The positions available in this field offer relatively high pay. If Mr. Artis secures one of these jobs, his salary will likely eliminate any financial desperation that would prompt further criminal activity. Additionally, the high demands of his field will keep Mr. Artis mind and free time occupied.

## IV. CONCLUSION

For these reasons, Ms. Artis respectfully requests that the Court sentence him to a custodial sentence of 36 months.

DATE: September 29, 2025                      Respectfully submitted,


                                            __s/Ezquerro_____
                                            FERNANDA EZQUERRO
                                            Attorney for Defendant
                                            TAYLOR ARTIS

                                            I HAVE ELECTRONICALLY NOTIFIED
                                            ALL PARTIES AS TO THE FILING OF
                                            THER DOCUMENT

                                                  s/Ezquerro
                                            Fernanda Ezquerro

DEFENDANT'S SENTENCING MEMORANDUM - 7