Fernanda Ezquerro
430 Nutmeg Street, Suite 100
San Diego, CA 92101
(619) 674-3250

Attorney for Taylor Artis

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HON. ANTHONY J. BATTAGLIA)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TAYLOR ARTIS,<br><br>　　　　　Defendant | Case No.: 25-CR-00558-AJB<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>DATE: 10/06/25<br>TIME: 10:00 a.m. |

## I. INTRODUCTION

TAYLOR ARTIS (hereinafter, Mr. Artis) submits the following sentencing memorandum in support of his sentencing recommendation of 36 months custody.

## II. STATEMENT OF FACTS

The Offense Conduct section of the PSR accurately reflects the facts in this matter. Ms. Artis takes full responsibility for his conduct and expresses remorse for the pain it has caused his family.

## III. INDIVIDUAL BEFORE THE COURT

Mr. Artis was born on September 15, 2004 in San Diego, California to Taylor Artis and Elizabeth Morrison. Mr. Artis reported a decent upbringing in which his basic needs were met. However, Mr. Artis's parents separated when he was around six years old. His young age made processing the separation extremely difficult. It significantly affected his

DEFENDANT'S SENTENCING MEMORANDUM - 1

emotional stability and resulted in negative behaviors. Mr. Artis began acting out at home and in school. On several occasions, Mr. Artis received suspensions for fighting. Luckily, Mr. Artis' father remained in his life after the separation and provided financial support. Mr. Artis primarily lived with his mother but would live with his father every other weekend.

With good relationships with both parents, Mr. Artis eventually worked through the pain of their separation. He performed well in school and lived a relatively normal childhood. Unfortunately, Mr. Artis hit another major setback while in the eighth grade. Doctors diagnosed Mr. Artis with a genetic retinal deterioration disease known as bull's eye maculopathy. Doctors explained that no cure existed for the condition and that Mr. Artis' eyesight would only get worse over time. Unsurprisingly, this news devastated Mr. Artis and his family. The thought of complete future blindness flooded Mr. Artis with fear and anxiety. Mr. Artis even received counseling to help grapple with the news and the newfound challenges accompanying his deteriorating vision.

Despite these issues, Mr. Artis made the best out of his situation. He performed well in school and graduated from Oceanside High School in June 2022. Additionally, Mr. Artis began working while still attending high school. After graduating from high school, Mr. Artis got accepted into California State University Northridge. Mr. Artis majored in business and attended the university for four semesters. In June 2024 Mr. Artis decided to withdraw from Northridge and transfer to San Diego State University to be closer to his friends and family. Mr. Artis also switched his major to computer science and cyber security.

Unfortunately, in the few years preceding his move back to San Diego, Mr. Artis' vision significantly worsened. His vision problems made it extremely difficult to secure employment. Mr. Artis' vision problems became so severe that he began receiving social security disability income in 2023. Mr. Artis had to begin using a cane to navigate on foot and was deemed legally blind. Due to the stress brought on by this situation, Mr. Artis began experiencing severe anxiety and depression. Instead of seeking professional help,

Mr. Artis began abusing Xanax. Its effective anxiety relief qualities quickly hooked Mr. Artis. However, negative side effects of the drug quickly came to surface. His family noticed a significant differences in his mood and demeanor. Mr. Artis felt his emotional stability plummet. Under these circumstances, Mr. Artis made the unfortunate choice to partake in the instant offense.

Mr. Artis' personal characteristics support leniency at sentencing. Mr. Artis is very young at only 21 years old. During this short period, Mr. Artis displayed positive characteristics and attributes. Throughout his life, Mr. Artis displayed tremendous perseverance and resolve. The separation of his parents emotionally damaged Mr. Artis. This caused Mr. Artis to act out and get into trouble in school. Through great effort, Mr. Artis overcame these issues and reformed his behavior. Mr. Artis continues displaying resolve and great determination through his ongoing struggle with his eye disorder. Receiving such a bleak diagnosis at only 13 years old deeply traumatized Mr. Artis. He processed feelings of impending doom as all of his dreams and aspirations were suddenly placed into jeopardy. Instead of giving up, Mr. Artis continued his pursuit of a bright future.

Additionally, Mr. Artis displayed a strong work ethic and highly motivated nature. Mr. Artis performed very well in school and is currently pursuing a degree in computer science. Computer science is commonly regarded as one of the most difficult undergraduate degrees to obtain. Mr. Artis' desire to obtain this degree displays his work ethic. This is especially true considering Mr. Artis' medical condition. Performing any school work is much harder for Mr. Artis than the average person.

Importantly, Mr. Artis' offense conduct does not reflect his true character or dimmish any of his proven positive attributes. Mr. Artis' offense conduct resulted from financial desperation and mental anguish. As explained below, Mr. Artis did not commit the offense out of a desire to break the law or to aid any criminal organization. He acted solely out of financial motivations.

Mr. Artis further proved his true good nature through his actions after his offense conduct. Mr. Artis readily accepted a plea agreement and fully admits guilt for his actions.

Mr. Artis did this because he understands the wrongfulness of his actions and that they were in no way justified. He only wants to atone for his conduct and not unduly burden the court or waste government resources.

### IV. NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Artis' offense conduct also warrants leniency at sentencing and fully supports his requested sentence of 36 months custody.

Mr. Artis understands that his offense conduct is extremely serious. While there are aggravating circumstances that Mr. Artis agreed in his plea agreement, many mitigating factors exist. First, there is no evidence that Mr. Artis had connections to any larger criminal network. Mr. Artis sold the weapons and weapons' parts on his own accord. He did not sell any of the weapons to enrich or assist any criminal organization. The UC did mention that Mr. Artis girlfriend drove him to a few of the meetups to sell firearms. However, there is no evidence that Mr. Artis encouraged her assistance or participation in the offense in any manner. Ms. Cornejo only drove Mr. Artis due to his disability. Furthermore, there is no evidence that Mr. Artis used any violence or threats in furtherance of his offense conduct.

Mr. Artis' motivations for the instant offense as well as the surrounding circumstances stand as further mitigation. Upon moving back to San Diego in 2024, Mr. Artis faced many economic struggles. He moved in with Ms. Cornejo, and began helping to pay for her schooling. Mr. Artis quickly realized that his meager disability income was far from enough to cover all of his bills. Mr. Artis attempted to find employment to earn additional income. However, he was unsuccessful in finding an employer who could accommodate his disability. With his vision worsening, Mr. Artis felt truly helpless to make ends meet. Struck with a sudden onset of severe anxiety and depression, Mr. Artis turned to the use of narcotics. These addiction issues only worsened his mental stability and reasoning ability. It was this troubled mindset that catalyzed Mr. Artis' decision to perpetrate the offense conduct.

Lastly, per the plea agreement, Mr. Artis accepts the +5 enhancement under USSG § 2K2.1(b)(5)(C) applies to his guideline's calculations. As stated in the PSR, the enhancement applies because the UC informed Mr. Artis of his intention to transfer the firearms to other individuals. Although these facts support the enhancement under existing law, Mr. Artis respectfully requests that the Court grant leniency and vary downward when considering these circumstances. The enhancement only applies because the UC made unsolicited statements to Mr. Artis. These statements do not significantly increase Mr. Artis' culpability or general wrongfulness of his conduct.

A. *Imposition of a Sentence That Is Sufficient, But Not Greater Than Necessary*

The requested sentence is more than sufficient considering Mr. Artis' background, family, acceptance of responsibility and remorse. To the best of his ability, Mr. Artis understands the wrongfulness of his conduct. He knows that he will have to serve time for his conduct regardless of his reasons for doing so. Taking this into account, 36 months in custody is entirely sufficient and anymore time is greater than necessary.

Mr. Artis requested sentence serves as sufficient punishment for his actions. 36 months is a significant amount of time in custody. Mr. Artis will miss the love and support of his family and friends. His disability will undoubtably make his time in custody much more difficult. Aside from his custodial term, Mr. Artis will live the rest of his life as a convicted felon. Combined with the constraints associated with his disability, his criminal record will significantly limit his employment opportunities. As a result, Mr. Artis will need to work incredibly hard to maintain a normal and productive life. This will work to further punish Mr. Artis in perpetuity.

Mr. Artis' requested sentence also serves as sufficient rehabilitation. 36 months in custody is plenty of time for Mr. Artis to think about his actions. His experience thus far firmly instructed Mr. Artis about the wrongfulness of his actions. Mr. Artis understands that his conduct has placed him in a dire situation.

B. *Advisory Sentencing Guideline Calculation*

Mr. Artis agrees with the offense level computation as indicated in the plea agreement:

Base Offense Level: …………………………….........18

Number of Firearms:………………….……..………..+4

Unserialized Firearm:…………….………………....+4

Firearms Trafficking Future Sale:…………..………..+5

Acceptance of Responsibility:………………………...-3

C. *Factors Diminishing Risk of Recidivism*

There are several factors that significantly reduce Mr. Artis' risk of recidivism. First, Mr. Artis truly learned from his mistakes. Mr. Artis understands the deep emotional toll this ordeal has had on his family. In particular, Mr. Artis' absence from his Ms. Cornejo proved especially difficult. While in pretrial custody, Ms. Cornejo was involved in a serious car accident. The accident claimed the life of her best friend and left Ms. Cornejo severely injured. Her recovery process has been grueling and she has had to relearn basic function like walking. Mr. Artis feels terrible that his actions prevented him from being able to help her through this ordeal. He now knows that this type of conduct not only punishes him but it also punishes those around him, especially the ones he loves.

Second, Mr. Artis' disability greatly minimizes his risk of recidivism. Mr. Artis is already legally blind and his vision will only continue to get worse. Mr. Artis will eventually go completely blind. This disability will significantly reduce his ability to engage in any unlawful behavior. Living an ordinary life will already be difficult endeavor for Mr. Artis. He has no desire to engage in conduct that will greatly complicate his situation.

Third, Mr. Artis received help for his addiction issues and mental problems and will continue to do so. While in custody, Mr. Artis attended a drug treatment course and is currently drug free. Mr. Artis enjoyed the program and is interested in attending more programs in the future. Now sober, Mr. Artis truly understands how drugs negatively transformed his behavior. Also in custody, Mr. Artis participated in an anger management

program with individual therapy. In addition to therapy, Mr. Artis began receiving psychiatric medication. With therapy and medication, Mr. Artis feels improved mental clarity and stability. Receiving this help significantly reduces Mr. Artis' risk of recidivism and Mr. Artis has every intention of continuing his treatments in the future.

Lastly, Mr. Artis' support structure and plans for the future reduce his risk of recidivism. Mr. Artis has a strong support structure in his parents and girlfriend. They will provide Mr. Artis the stability he requires to succeed after his release from custody. His support structure will undoubtably help Mr. Artis accomplish his plans for the future. Mr. Artis desires to continue his degree in computer science and cyber security. Earning this degree and securing a job in this industry greatly decreases his risk of recidivism. The positions available in this field offer relatively high pay. If Mr. Artis secures one of these jobs, his salary will likely eliminate any financial desperation that would prompt further criminal activity. Additionally, the high demands of his field will keep Mr. Artis mind and free time occupied.

## IV. CONCLUSION

For these reasons, Ms. Artis respectfully requests that the Court sentence him to a custodial sentence of 36 months.

DATE: September 29, 2025                    Respectfully submitted,


                                           __s/Ezquerro_____
                                           FERNANDA EZQUERRO
                                           Attorney for Defendant
                                           TAYLOR ARTIS

                                           I HAVE ELECTRONICALLY NOTIFIED
                                           ALL PARTIES AS TO THE FILING OF
                                           THER DOCUMENT

                                           _____s/Ezquerro_
                                           Fernanda Ezquerro

DEFENDANT'S SENTENCING MEMORANDUM - 7

Character Reference Letters

Your Honor,

I am writing to offer a character reference for Taylor, whom I have known his entire life. My name is Robyn Bolden, and I am a Family Friend. I have had the privilege of watching Taylor grow from infancy into the young man he is today.

Throughout his life, I have consistently observed Taylor to be a kind, thoughtful, and very creative individual who is a hard worker, even as he has navigated the profound challenge of losing his sight at a young age. His character is demonstrated not just by these traits, but by his actions. I recall a time when he spent an entire afternoon patiently helping my young son build a complex Lego set, describing the pieces and guiding his hands with immense patience, a true example of his innate helpfulness. Furthermore, I have witnessed his integrity firsthand. There was an incident where he accidentally broke a valued item in our home. He immediately took full responsibility, expressed sincere remorse, and insisted on finding a way to repair or replace it, demonstrating a strong moral compass.

I feel it is important to provide the court with context regarding the significant challenges Taylor faces. His journey of going blind after having known sight is not just a physical trial, but a deep and ongoing mental and emotional one. The gradual loss of his vision has been a source of immense grief, frustration, and anxiety. To navigate a world he once saw clearly, but now perceives through a narrowing lens, is a constant struggle. This reality can understandably affect his judgment and his ability to cope with stress, sometimes leading to feelings of being completely overwhelmed by situations that others may find manageable.

The central idea I humbly ask this Court to consider is that rehabilitation is fundamentally more constructive than incarceration. Punishment alone rarely addresses the root causes of behavior. For someone like Taylor, whose actions may be symptomatic of the profound stress of his disability and untreated mental health challenges, access to proper support, counseling, and structured programs offers a real, viable path to stability and becoming a positive contributor to our community. Incarceration, in my view, would not address these core issues and could risk exacerbating his underlying challenges.

Thank you for your time and consideration.

Respectfully yours,

**Robyn Bolden, M.A.**
Counselor Coordinator

Sierra Casperson
Sierracasperson915@yahoo.com
September 26, 2025


To whom it may concern:

My name is Sierra Casperson, and I am Taylor Artis's older cousin. Growing up, Taylor was always a well-behaved, respectful, and thoughtful person. Although we lived about an hour and a half apart, our families made it a priority to spend time together. Every time we gathered, I was reminded of Taylor's kind and considerate nature.

In high school, Taylor received difficult news when he was diagnosed with a disability. After this, I noticed a change in his spirit. He had always been talented and driven, but his diagnosis limited opportunities he once dreamed of—such as joining the military like his older brother. I believe this left him searching for new ways to feel capable and proud of himself. Despite these challenges, I have always seen Taylor as someone who deeply wants to succeed and to live a life, he can be proud of.

I am very concerned for him while he is incarcerated. Taylor deserves the chance to return home, rehabilitate, and rebuild his life. He has a strong support system of family and friends who are ready to stand by him, guide him, and remind him of his worth and purpose. Many of us, me included, are in college and preparing for successful futures, and we would love the opportunity for Taylor to grow alongside us.

I ask that you consider his character, his potential, and the unwavering support he has waiting for him. I truly believe that with the right chance, Taylor can find fulfillment, pride, and a meaningful place in his community once again.

Sincerely,

Sierra Casperson

United States District Court

**Re: Taylor Artis**

To whom it may concern,

I am writing to you as Taylor Artis's aunt, with the deepest respect for this Court and the decisions you must make. I would like to provide you with a perspective on Taylor's character and potential, in the hope that rehabilitation may be considered in his case rather than incarceration.

Taylor has always been an exceptionally bright and motivated young man. He was a straight-A honor student who, at the beginning of high school, received the devastating diagnosis of bull's-eye maculopathy, a degenerative disease that will eventually leave him legally blind. Where many would have faltered, Taylor responded with resilience. He worked tirelessly to adapt to his new reality, learning Braille, mastering assistive technologies, and developing orientation and mobility skills to maintain his independence. His courage and determination in facing these challenges have been an inspiration to our family.

Like many teenagers, Taylor has had moments of weakness and made mistakes in judgment. I believe his struggles with his diagnosis played a role in those choices. However, even in the midst of hardship, he graduated on time with honors and has shown tremendous growth and maturity. Since this difficult period, he has had the opportunity to reflect without the cloud of outside influences, and he now understands the seriousness of his actions.

Taylor is not only intelligent but also compassionate, kind, and supportive to his family and friends. He is a loving cousin to my children and a loyal friend to many. I truly believe that, with guidance and support, he will emerge from this experience stronger, wiser, and committed to making better choices in the future.

Your Honor, I respectfully ask that you consider rehabilitation as an alternative to incarceration for Taylor. He has so much potential, and I believe he deserves the chance to move forward in a positive direction. Thank you for your time and for considering my request on his behalf.

Respectfully,
Tiffany Powell
Aunt of Taylor Artis

The honorable Judge

Re: Taylor Artis

Your honor,

I am writing to you today to offer a character reference for Taylor Artis. I have known Taylor for over 15 years and our relationship is based on friendship and mentoring and a mutual love of family. I am aware of the charges he is facing and understand the seriousness of this matter. I hope that in your consideration of his sentence, you will also consider the full measure of who he is as a person. Throughout the time I have known him, I have had the opportunity to witness Taylor's character, particularly as he navigates the world as a blind young man. His blindness has never defined him, but rather it has revealed his incredible resilience and resourcefulness. While attending college, I have observed him as he maintained an apartment and navigated cottage classes with ease. I have seen how much of a positive role model he is for his younger brother, teaching perseverance and determination. Taylor has constantly demonstrated strong and compassionate character. Taylor has helped me numerous times with moving and packing and shows that I have done. He has always maintain a respectful and caring attitude. He is a devoted son and brother. I believe this experience has had a profound impact on his life, Taylor will not benefit from incarceration rehabilitation is the only course of action for this young man who has so much to offer to his family and community. I respectfully asked that you consider all aspects of Taylor's character and his circumstances when determining his sentence. I believe that an outcome that prioritizes rehabilitation over prolonged incarceration would serve both him and the community better.

Thank you for your time and consider considering my perspective

Sincerely

Rocquel K Morgan Williams Drama

GEO Certificates



Western Region Detention Facility
220 West C Street
San Diego, CA 92101

TEL: 619.232.9221
Fax: 619.232.9224
www.geogroup.com

May 31, 2025

To Whom It May Concern,

Detainee ARTIS, TAYLOR, 16072506, has been involved in our work program since May 12, 2025. He is currently a housing unit orderly. He has no disciplinary reports to date At this facility.

Sincerely,

L Jenkins ,Counselor



**GEO Secure Services™**
Western Region Detention Facility
220 West C Street
San Diego, CA 92101

Tel: 619 232-9221
Fax: 619 232-9224
www.geogroup.com

July 14, 2025

To whom it may concern,

As of 04/15/2025 Detainee ARTIS, TAYLOR (USMS #16072506) has completed a voluntary 10-week Anger Management Course provided by GEO secure services. Please note that this course is not court approved nor certifiable.

Sincerely,

A. Garcia-Lafaele, Recreation Specialist



Secure Services™

**GEO Secure Services™**
Western Region Detention Facility
220 West C Street
San Diego, CA 92101

Tel: 619 232-9221
Fax: 619 232-9224
www.geogroup.com

August 26, 2025

To whom it may concern,

As of 07/22/2025 Detainee ARTIS, TAYLOR (USMS # 16072506) is participating in a voluntary 12-week Substance Abuse Course provided by GEO Secure Services. Please note that this course is not court approved nor certifiable.

Sincerely,

A. Garcia-Lafaele, Recreation Specialist



**Western Region Detention Facility**
220 West C Street
San Diego, CA  92101

TEL: 619.232.9221
Fax: 619.232.9224
www.geogroup.com

September 21, 2025

To Whom It May Concern,

Detainee ARTIS, TAYLOR, 16072506, has been involved in our work program since 05-05-18-2025. He began working as a housing unit orderly, and was promoted to facility sanitation on 06-23-2025. He has had no issues or disciplinary reports to date

Sincerely,

L Jenkins ,Counselor